UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONY EDWARD NOVA,

          Petitioner,

v.                                          Case No. 5:06-cv-61-Oc-10GRJ

SECRETARY, DEPTARTMENT
OF CORRECTIONS,

          Respondent.
_____

## **ORDER DENYING PETITION**

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 2003 Marion County jury-trial conviction for robbing a convenience store with a handgun, for which Petitioner is serving a life sentence as a prison releasee reoffender (PRR). Id. Petitioner seeks relief on fourteen grounds. Id. The Respondent has filed a Response (Doc. 7), contending that all but two of Petitioner's claims are unexhausted and procedurally defaulted, and that Petitioner is not entitled to relief on the merits of his exhausted claims. Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply (Doc. 9), the Court concludes that the Petition must be

denied.[1]

## Procedural Background

The evidence against Petitioner consisted primarily of the eyewitness testimony of the victim (the cashier at the convenience store) and the testimony of a fingerprint expert who identified Petitioner's fingerprint on beer that the perpetrator left on the checkout counter. Petitioner presented the testimony of three alibi witnesses who stated that Petitioner was with them at the time of the robbery. See App. tabs A1 and A2 (trial transcript).

Following his conviction, Petitioner filed a direct appeal asserting that the trial court erred by: (1) denying his motion to suppress an unduly suggestive photographic lineup and the victim's in-court identification; (2) limiting cross-examination of the victim; (3) declining to take judicial notice of the criminal court file of another person who fit the victim's description of the perpetrator; (4) denying Petitioner's request for special jury instructions; and (5) sentencing Petitioner as a PRR. App. tab. C. The Fifth District Court of Appeal affirmed, noting that Petitioner's claims were "without merit," and in particular explaining that the scope of cross-examination of the victim comported with Florida statutes and case law and that the court previously had determined that the Florida statute under which Petitioner was sentenced was constitutional. App. tab F.

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 asserting ten claims. App. tab G. The court summarily denied relief on all but three claims. App. tab I. One of the claims that the trial court summarily denied was Petitioner's claim that he was deprived of his right to testify due to ineffective assistance of counsel. Petitioner argued that he did not testify because counsel advised him that if he testified his past convictions could be used to impeach him. Petitioner argued that he could have testified as to a rational explanation for the presence of his fingerprint on the beer, because he had been in the store earlier in the day. He elected not to testify because he believed that his attorney would present argument or evidence explaining the fingerprint, but she did not do so. App. tab. G. In summarily denying this claim, the court referenced portions of the trial record in which the trial judge had conducted a colloquy with Petitioner during which Petitioner affirmed that he had voluntarily decided not to testify. App. tab I.

The trial court determined that an evidentiary hearing should be held as to Petitioner's claims that his counsel rendered ineffective assistance for failing to call a witness, for failing to move for a continuance in order to secure the appearance of other witnesses, and for allegedly failing to advise Petitioner that he faced a possible PRR life sentence. App. tab I. Following the evidentiary hearing (App. tab J), the trial court denied relief on those claims. App. tab K.

The trial court appointed the public defender to represent Petitioner on appeal. The sole issue raised on appeal was whether the trial court erred in summarily

3

denying relief on claim six of Petitioner's Rule 3.850 motion, concerning Petitioner's decision to waive his right to testify based on counsel's advice. App. tab L. The Fifth District Court of Appeal summarily affirmed. App. tab N.

Petitioner then filed the instant Petition, Doc. 1, which Respondent concedes is timely.

## Exhaustion of Remedies

Respondent contends that all of Petitioner's claims are unexhausted except for claim two, asserting that the trial court erred in denying his motion to suppress, and claim eleven, asserting that Petitioner was deprived of his right to testify due to ineffective assistance of counsel. See Doc. 7. Respondent contends that Petitioner's remaining claims were either not fairly presented to the state courts as federal claims in his direct appeal, or were procedurally defaulted on collateral review because Petitioner did not raise them in the appeal from the denial of his Rule 3.850 motion. Id. In reply, Petitioner contends that he did argue in his Rule 3.850 motion that his federal constitutional rights had been violated. Doc. 9.

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2] This means

---

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3] A petitioner's pro se status does not alone amount to good cause.[4]

Petitioner's grounds one, two, three, four, and five pertain to alleged errors by the trial court. In ground one, Petitioner contends that the trial court erred by not taking judicial notice of the criminal court file of another potential perpetrator. In ground two, Petitioner contends that the trial court erred in denying his motion to suppress with respect to the victim's identification of him. In ground three, Petitioner contends that the trial court erred by limiting the cross-examination of the victim with regard to her alleged bias and past offenses. In ground four, Petitioner contends that the trial court erred in declining to give special jury instructions. In ground five, Petitioner contends that the trial court erred by sentencing him as a PRR. Doc. 1.

A review of the direct appeal record reflects that although Petitioner raised these claims on appeal, claims one, three, four, and five were raised only as state-law issues. See App. tab. C (initial brief of appellant). Claim two, concerning the

---

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)).

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

motion to suppress the victim's identification of Petitioner by way of a photo line-up and the victim's in-court identification, was raised as a federal constitutional issue. See id. at 7-10.

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). In Duncan, the Court specifically noted that, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at the state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan, 513 U.S. at 36. The exhaustion requirement of § 2254 is not satisfied if the Petitioner fails to raise a claim in terms of federal law. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (stating that a petitioner had not exhausted a claim because "he did not assert [the] claim as a matter of federal law.").

The Court notes that Petitioner did cite some federal cases in his reply brief on direct appeal with respect to his habeas issues in the present Petition numbered three (pertaining to impeachment of the victim, and identified as "Issue II" on direct

motion to suppress the victim's identification of Petitioner by way of a photo line-up and the victim's in-court identification, was raised as a federal constitutional issue. See id. at 7-10.

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). In Duncan, the Court specifically noted that, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at the state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan, 513 U.S. at 36. The exhaustion requirement of § 2254 is not satisfied if the Petitioner fails to raise a claim in terms of federal law. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (stating that a petitioner had not exhausted a claim because "he did not assert [the] claim as a matter of federal law.").

The Court notes that Petitioner did cite some federal cases in his reply brief on direct appeal with respect to his habeas issues in the present Petition numbered three (pertaining to impeachment of the victim, and identified as "Issue II" on direct

appeal) and four (pertaining to jury instructions, and identified as "Issue IV" on direct appeal). See App. tab E. As to impeachment evidence, Petitioner's reply brief on direct appeal cited United States v. Catalfo, 64 F.3d 1070, 1080 (7th Cir. 1995) for the proposition that "[C]omments regarding the credibility of witnesses are permissible so long as those comments are based upon proper inference gleaned from evidence." App. tab E at 3. Catalfo concerned a prosecutor's reference to the defendant as a "liar" in closing argument. Catalfo, 64 F.3d at 1080. The reply brief also cited United States v. Riascos-Suarez, 73 F.3d 616 (6th Cir. 1996) for the proposition that "any limitation on this right [of cross-examination] must be justified by weighty consideration." App. tab E. at 3. That case concerned a federal district court's refusal to permit a co-defendant to cross-examine the movant during a pretrial hearing on a motion to suppress. The movant had invoked the Fifth Amendment and then withdrawn her motion to suppress. See Riascos-Suarez, 73 F.3d at 626. Neither of the cited cases could serve to alert the state appellate court in Petitioner's case that Petitioner was challenging the trial court's limitation of cross-examination of the victim on federal constitutional grounds. The cases are simply inapposite. It is clear from the state appellate court's opinion that its rejection of this claim rested solely on state-law grounds. See App. tab. F.

As to Petitioner's jury-instruction issue, Petitioner argued on direct appeal that the trial court erred in refusing to give special jury instructions requested by his

counsel on the issues of identification and alibi. See App. tab C.[5] The State argued in its response brief that Petitioner had failed to preserve the issue for appellate review because Petitioner did not object after the trial court determined that the standard Florida alibi instruction was appropriate. App. tab D. In reply, Petitioner did not argue that the issue had in fact been preserved. See App. tab E. Instead, Petitioner cited United States v. Taylor, 997 F.2d 1551 (D.C. Cir. 1993) for the proposition that "[C]onstitutionally deficient criminal jury instructions for purpose of proving guilt beyond a reasonable doubt are not applicable to harmless error analysis on appeal and would always invalidate a conviction." However, Petitioner provided no explanation or argument as to how the reasonable-doubt jury instruction given at Petitioner's trial was constitutionally deficient. See App. tab E. The court utilized standard jury instructions approved by the Florida Supreme Court. See App. tab A2 at 353. In Taylor, the D.C. Circuit upheld a federal district court's use of the Federal Judicial Center's *Pattern Criminal Jury Instructions* on reasonable doubt. Taylor, 997 F.2d at 1557-58. The citation to Taylor in Petitioner's reply brief could not have alerted the state appellate court that Petitioner intended to present a federal constitutional issue with respect to the trial court's refusal to give the requested special jury instructions on identification and alibi, because the case is not relevant to the point that Petitioner argued on appeal.

---

[5]The requested instructions are not included in the record. They are referenced in the trial transcript. See App. tab A1 at 27.

Under the circumstances presented, the Court concludes that the citation to inapposite federal cases on direct appeal is insufficient to constitute "fair presentation" of federal constitutional claims for purposes of the § 2254 exhaustion requirement. It is thus clear that Petitioner's habeas claims one, three, four, and five are unexhausted and procedurally defaulted because Petitioner could not now return to state court to pursue such claims as federal issues.

Further, Petitioner's remaining habeas claims are also unexhausted and procedurally defaulted, except for claim eleven pertaining to whether he was prevented from testifying due to counsel's ineffective assistance, because that was the only claim appealed after the denial of his Rule 3.850 motion.

Such procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably

resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Actual innocence in this context means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). Further, "a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

Petitioner has not demonstrated cause for the procedural default under either prong. See Doc. 1. Accordingly, the Court agrees that the Petition must be denied on the grounds of exhaustion and procedural default as to all of Petitioner's claims except for claim two (denial of the motion to suppress) and eleven (ineffective assistance of counsel regarding Petitioner's right to testify).

**Merits of Exhausted Claims**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[6] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[6] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

determined by the Supreme Court of the United States."[7]  The "contrary to" and "unreasonable application" clauses provide separate bases for review.[8]  A state court's rejection of a claim on the merits is entitled to deference regardless whether the state court has explained the rationale for its ruling.[9]

**Motion to Suppress**

The scope of review outlined above is further limited in the context of a claim that a Petitioner's Fourth Amendment rights were violated.  A federal court cannot entertain a Fourth Amendment claim in a § 2254 petition if the Petitioner had an opportunity for full and fair consideration of that claim in the state courts.  Stone v. Powell, 428 U.S. 465, 494 (1976); Harris v. Dugger, 874 F.2d 756, 761 (11th Cir. 1989).

In this case, the state record reflects that Petitioner received a hearing on his motion to suppress in the trial court, and the trial court made factual findings in denying the motion.  See App. tab A1 at 23-27.  Petitioner's counsel filed the motion to suppress because the victim had testified in a deposition that she was interviewed by a detective, shown the photo array, and was unable to identify the perpetrator, but the detective came back the next day with another photo array and the victim

---

[7] See 28 U.S.C. § 2254(d)(1).

[8] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[9] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

identified the Petitioner as the person who robbed her. Id. However, the victim later told the prosecutor that her deposition testimony was incorrect and she had only been shown one photo array on one occasion, from which she identified Petitioner. Id. at 25. The prosecutor disclosed the change in the victim's testimony prior to trial. Id. Accordingly, the trial court denied the motion. Id. at 26. The victim confirmed in her trial testimony that she was only shown one photo lineup, although she had been interviewed twice by the detective. Id. at 119. The detective's testimony corroborated the victim's explanation. App. tab A2 at 201-03.

The state record is clear that Petitioner received a full and fair hearing on his claim that the photo lineup was unduly suggestive because the victim was presented with two photo arrays, and the record supports the trial court's finding that only one array was presented to the victim. Accordingly, Petitioner is not entitled to habeas relief on this claim. See Stone, 428 U.S. at 494.

### **Ineffective Assistance of Counsel**

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[10] Both prongs must be shown in order to succeed on an ineffective-assistance claim. Further, to prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but

---

[10] Strickland v. Washington, 466 U.S. 668, 688 (1984).

for counsel's unprofessional errors.

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted). Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy." Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)). To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

A claim of ineffective assistance of counsel is the proper framework to analyze a Petitioner's claim that his counsel violated his right to testify. See United States v. Teague, 953 F.2d 1525, 1534 (11th Cir. 1992). A criminal defendant has a "fundamental constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." Teague, 953 F.2d at 1532.

Petitioner contends that he was deprived of his right to testify because counsel advised him not to, but then his counsel subsequently failed to put on evidence or make any argument regarding how Petitioner's fingerprint came to be found on beer left at the checkout counter by the robber. Doc. 1. The state court rejected this claim on postconviction review because the trial record established that Petitioner was aware of his right to testify and freely and voluntarily waived that right. App. tab I at 123-24 (quoting colloquy between trial court and Petitioner in which Petitioner acknowledged his right to testify and waived that right).

It is clear from the record that Petitioner willingly waived his right to testify. See App. tab A2 at 305-306. This colloquy occurred after Petitioner's counsel had finished putting on Petitioner's alibi witnesses and was preparing to rest. Thus, at the time he waived his right to testify Petitioner unquestionably was aware that there had been no testimony explaining why his fingerprint was on the beer that the robber left on the checkout counter, yet Petitioner nevertheless elected not to testify. His assertion that he expected counsel to address that point in her argument lacks merit; if there was no evidence presented on that point it would have been improper to raise it in closing argument. Petitioner made clear in the colloquy with the court that he knew the jury would hear about his thirteen prior convictions if he testified. Id. at 306. In light of this record, counsel's advice to Petitioner not to testify was sound strategy, and in any event it is clear that the final decision as to whether to testify was Petitioner's. Petitioner has failed to show that his counsel's performance in this

14

regard was deficient, and has failed to show that the state court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, Strickland.

## Conclusion

For the foregoing reasons, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 23rd day of July 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Tony Edward Nova
   Counsel of Record

15